

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KOMINEK, individually and on behalf of a class of similarly situated individuals, ) ) ) ) | |
| *Plaintiff*, ) ) | No. 15-cv-08774 |
| v. ) ) | Hon. Rebecca R. Pallmeyer |
| PHYSIOTHERAPY CORPORATION, a Delaware Corporation, and INVENTURUS KNOWLEDGE SOLUTIONS, INC., a Delaware Corporation, ) ) ) ) ) | |
| *Defendants*. ) ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff, Charles Kominek, brings this Second Amended Class Action Complaint against Defendants, Physiotherapy Corporation ("Physiotherapy") and Inventurus Knowledge Solutions, Inc. ("IKS") (collectively, "Defendants"), to stop Defendants' unlawful practice of calling consumers' cellphones using a prerecorded or artificial voice without the called parties' consent to do so, and to obtain redress for all persons harmed by such conduct. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences and, as to all other matters, on information and belief, including an investigation by his attorneys.

## NATURE OF THE ACTION

1. In a misguided effort to collect outstanding debts from consumers, Defendants violated federal law by making invasive, unauthorized telephone calls using a prerecorded or artificial voice ("robocalls") to the cellphones of individuals throughout the nation.

2. Defendants have also knowingly made false representations to consumers, like Plaintiff, who have already paid off the debts they owed and expressly revoked any consent to receive robocalls, but who nonetheless continued to receive unauthorized, automated calls from Defendants.

3. By effectuating these unauthorized robocalls, Defendants have violated the called parties' statutory rights, privacy rights, and their property rights in their cellphones. Plaintiff and the other called parties have suffered actual, concrete harm, because they were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized automated calls – particularly calls that use a prerecorded or non-human artificial voice.

4. In order to redress these injuries, Plaintiff brings this suit on his own behalf and on behalf of a nationwide class and two subclasses of similarly situated individuals. Plaintiff asserts claims under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, which protects consumers' privacy rights and the right to be free from receiving unauthorized robocalls on their cellphones.

5. On behalf of the Class and Subclasses defined below, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized, automated telephone calls and an award of actual or statutory damages, whichever is greater, to the members of the Class and Subclasses, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as Plaintiff's claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

7. Venue is proper in this District pursuant to 28 U.S.C. 1391(b), because Defendants reside in this District; Defendants conduct business in this District and maintain offices in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as certain of the unauthorized prerecorded and/or artificial voice calls originated from phone numbers utilized by Defendants in this District.

## PARTIES

8. Plaintiff is domiciled in Nevada.

9. Defendant Physiotherapy is a nationwide provider of physical therapy and outpatient rehabilitation services. Physiotherapy is a Delaware corporation headquartered in Pennsylvania, and it conducts business throughout the United States, including in this District.

10. Defendant IKS is a privately held company that provides services to businesses in the healthcare industry, including to Physiotherapy. IKS is a Delaware corporation headquartered in New York. IKS has offices in this District, and it conducts business throughout the United States as well as in this District.

## COMMON ALLEGATIONS OF FACT

11. Defendant IKS contracts with businesses in the healthcare industry and provides a number of different services, including billing, accounts receivable, and debt collection services.

12. Defendant Physiotherapy provides physical therapy and rehabilitation services through outpatient clinics that it owns and/or operates through affiliates located in numerous states throughout the country, including in this District.

13. Physiotherapy and IKS have entered a business relationship, under which IKS works together with Physiotherapy to collect outstanding debts from Physiotherapy's customers. As part of the suite of debt collection services that IKS provides to Physiotherapy, IKS assists

Physiotherapy by making automated collection calls that feature a prerecorded or artificial voice, among other types of calls, to consumers.

14. For example, as an ordinary business practice, Defendants collect Physiotherapy's customers' telephone numbers, and in the event a customer's account becomes delinquent, Defendants attempt to collect on the debt by placing automated debt collection calls that use or feature a prerecorded or artificial voice to the phone number of the customer whose account is delinquent.

15. On information and belief, IKS has entered into similar business relationships and contractual agreements with other companies in the healthcare industry and elsewhere.

16. In an effort to improve recovery on delinquent accounts, Defendants refuse to honor requests to discontinue placing automated collection calls, including those that feature an artificial or prerecorded voice, to individuals who have expressly communicated that they no longer wish to be contacted—even though such individuals have the right to revoke consent to receive automated calls under the TCPA.

17. Further, Defendants continue placing such automated collection calls to collect on debts that are no longer valid and have been paid off in full.

18. As a consequence, Defendants routinely place unauthorized robocalls to the cellphone numbers of individuals who have revoked consent to be called or who Defendants no longer have a right to contact using robocalls.

19. In addition to being an aggravating invasion of privacy and a violation of the called parties' statutory and property rights, unauthorized robocalls can actually cost their recipients money, because called parties such as Plaintiff must frequently pay their cellphone service providers for the calls they receive, incur a usage allocation deduction from their calling

plans, or pay a fixed or variable usage fee per call, regardless of whether the call is authorized or unlawful.

## FACTS SPECIFIC TO PLAINTIFF

20. Plaintiff was a former customer of Physiotherapy and received certain of its rehabilitation services between May 2012 and September 2012. However, following Plaintiff's dispute of various fees that Physiotherapy assessed for services that were later found to be medically unnecessary, Defendants placed Plaintiff's account in collections and thereafter commenced automated debt collection calls to Plaintiff's cellphone.

21. For instance, beginning in or about November 2014, in an apparent effort to collect on a debt, Defendants began calling Plaintiff's cellphone. The calls that Plaintiff received featured a prerecorded or artificial voice and requested that Plaintiff contact Physiotherapy regarding an important matter.

22. Shortly after Defendants commenced automated debt collection calls to Plaintiff, Plaintiff communicated to Defendants over the phone that he was revoking his consent to receive any of Defendants' telephone calls to his cellular telephone, including any automated debt collection calls.

23. Even though Plaintiff expressly revoked consent to receive robocalls from Defendants, Plaintiff nonetheless continued to receive automated calls on his cell phone from Defendants.

24. In a further effort to stop these calls, on December 10, 2014, Plaintiff sent a letter by certified mail to Physiotherapy, again informing Defendants that he had revoked consent to receive robocalls to his cellphone number. Plaintiff's letter also stated that he disputed that he owed any obligation for the debt.

25. On January 23, 2015, Physiotherapy responded to Plaintiff's letter and represented to Plaintiff that despite his request for Defendants to cease all calls to his cellphone and despite the notification that he disputed the debt, Defendants nonetheless had the legal right to continue calling his cellular telephone in an effort to collect the debt, because Physiotherapy was "not a debt collector, but rather the creditor to whom the debt is owed," and thus Plaintiff's "request is inapplicable to Physiotherapy."

26. Even though Physiotherapy acknowledged in writing that it had received Plaintiff's revocation of consent and his dispute of the purported debt, Defendants' automated robocalls to Plaintiff's cellphone continued unabated at least as frequently as twice a day, five days a week.

27. Moreover, Defendants continued to place automated robocalls to Plaintiff's cellphone in an attempt to collect on the debt even after Plaintiff had paid off the debt and no longer owed any amount to Defendants. Plaintiff continued to be called by Defendants, who were wrongfully attempting to collect a debt, at least as late as September 2015.

28. Plaintiff has suffered actual, concrete harm as a result of Defendants' calls. Each robocall that Plaintiff received from Defendants invaded his privacy and interfered with his activities when he received it. Defendants' unauthorized calls were a nuisance to Plaintiff, and were a distracting waste of time, as Plaintiff also had to spend time reviewing the calls and listening to voicemails containing Defendants' prerecorded messages.

29. Defendants' calls also interfered with Plaintiff's property rights in his cellphone, because the calls occupied the capacity of his phone, phone line, and voicemail inbox, thereby interrupting and interfering with his unrestricted use of his phone.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and on behalf of a nationwide Class with two Subclasses (together, the "Classes") defined as follows:

(i) The Unauthorized Call Class: All persons in the United States and its Territories whose cellphone numbers were called by IKS during the period of four years prior to the commencement of this litigation and through the present, where such call(s) were unauthorized and featured a prerecorded or artificial voice.

(ii) The Revocation Subclass: All persons in the United States and its Territories whose cellphone numbers were called by IKS during the period of four years prior to the commencement of this litigation and through the present, where such call(s) featured a prerecorded or artificial voice and, as shown by the records of IKS or the entity on whose behalf IKS placed such call(s), the call(s) occurred after the called party communicated a request to discontinue such calls.

(iii) The Physiotherapy Subclass: All persons in the United States and its Territories whose cellphone numbers were called by or on behalf of Physiotherapy during the period of four years prior to the commencement of this litigation and through the present, where such call(s) featured a prerecorded or artificial voice and, as shown by Physiotherapy's records or the records of the entity that placed the call(s) on Physiotherapy's behalf, the call(s) occurred after the called party communicated a request to discontinue such calls.

31. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclasses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to

vigorously prosecuting this action on behalf of the other members of the Class and Subclasses, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class and Subclasses.

32. Absent a class action, most members of the Class and Subclasses would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

33. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclasses, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclasses, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclasses as a whole.

34. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class and Subclasses are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclasses. Plaintiff and the other members of the Class and Subclasses have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

35. Upon information and belief, there are hundreds, if not thousands, of members of the Class and Subclasses such that joinder of all members is impracticable. The scale of Defendants' calling operations is vast: Defendant Physiotherapy operates over 500 clinics across 29 states. Similarly, Defendant IKS provides debt collection services to healthcare clients located across the country.

36. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclasses, and those questions predominate over any questions that may affect individual members of the Class and Subclasses. Common questions for the Class and Subclasses include, but are not limited to, the following:

(a) Did Defendants place calls using a prerecorded or artificial voice?

(b) Did Defendants systematically continue to place calls using a prerecorded or artificial voice to persons who communicated to Defendants that they did not want to receive any further such calls from Defendants?

(c) Did the calls that Defendants made using a prerecorded or artificial voice violate the called parties' right to privacy?

(d) Was Defendants' unlawful conduct willful such that the members of the Revocation Class and Physiotherapy Subclass are entitled to treble damages?

(e) Should Defendants be enjoined from continuing to engage in such conduct?

### COUNT I
**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.)**
**against Defendant IKS on behalf of the Unauthorized Call Class and Revocation Subclass**

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. Defendant IKS made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the cellphone numbers of Plaintiff and the other members of the Unauthorized Call Class.

39. Defendant IKS also made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the cellphone numbers of Plaintiff and the other members of the

Revocation Subclass after receiving a communication requesting not to receive any subsequent such calls.

40. Defendant IKS has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

41. As a result of Defendant IKS's unlawful conduct, the members of the Unauthorized Call Class and Revocation Subclass have had their statutory rights violated and have also suffered actual damages. As alleged above, Defendant IKS's calls violated the privacy rights, statutory rights, and property rights of Plaintiff and the other members of the Class and Revocation Subclass.

42. Under 47 U.S.C. §227(b)(3)(B), due to Defendant IKS's illegal conduct, the members of the Class and Revocation Subclass are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

43. To the extent the Court determines that Defendant IKS's conduct was willful and knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class and Revocation Subclass.

## COUNT II
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) against Defendants on behalf of the Physiotherapy Subclass

44. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

45. Defendant Physiotherapy made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the cellphone numbers of Plaintiff and the other members of the Physiotherapy Subclass after receiving a communication requesting that Physiotherapy stop placing such calls.

46. Defendant Physiotherapy has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

47. As a result of Defendant Physiotherapy's unlawful conduct, the members of the Physiotherapy Subclass have had their statutory rights violated and have also suffered actual damages. As alleged above, Defendant Physiotherapy's calls violated the privacy rights, statutory rights, and property rights of Plaintiff and the other members of the Physiotherapy Subclass.

48. Under 47 U.S.C. §227(b)(3)(B), due to Defendant Physiotherapy's illegal conduct, the members of the Physiotherapy Subclass are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

49. To the extent the Court determines that Defendant Physiotherapy's conduct was willful and knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Physiotherapy Subclass.

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclasses, prays for the following relief:

A. An order certifying the Class and Subclasses as defined above;

B. An award of the greater of statutory or actual damages under Count I;

C. An award of the greater of statutory or actual damages under Count II;

D. An injunction requiring Defendants to cease all unauthorized robocalls;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

- 12 -

Dated: October 7, 2016                    Respectfully submitted,

                                          CHARLES KOMINEK, individually and on
                                          behalf of classes of similarly situated
                                          individuals

                                          By: /s/ *Paul T. Geske*
                                          One of Plaintiff's Attorneys

Evan M. Meyers
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
pgeske@mcgpc.com

*Attorneys for Plaintiff and the putative Classes*